NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ERIC ROHN ESTES, *Appellant*.

No. 1 CA-CR 14-0814
FILED 3-1-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-426750-001
The Honorable Richard L. Nothwehr, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By W. Scott Simon
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Peg Green
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Kenton D. Jones and Judge Samuel A. Thumma joined.

---

**S W A N N**, Judge:

**¶1** Eric Rohn Estes ("Defendant") appeals his conviction for resisting arrest. He contends the trial court committed reversible error by refusing to give jury instructions on self-defense and excessive force. For the following reasons, we affirm Defendant's conviction.

### FACTS AND PROCEDURAL HISTORY

**¶2** On October 7, 2012, around 3:00 a.m., Defendant caused a disturbance on the light-rail platform at Third Street and Mill Avenue in Tempe. Private light-rail security officers told Defendant he was trespassing, and if he did not leave, they would call the police. Three Tempe police officers on bicycle patrol saw Defendant yelling at the security guards and repeatedly crossing the light-rail tracks.

**¶3** The police officers rode to the platform to assist security. As Defendant turned to leave the platform, he struck Officer Spruyt in the chest. When the officers attempted to arrest him and place him in handcuffs, Defendant squirmed and flailed to avoid being cuffed. The officers then wrestled him to the ground, but Officer Spruyt injured his shoulder while executing the takedown. The officer required surgery and several months of light duty as a consequence. Defendant was indicted for aggravated assault and resisting arrest.

**¶4** At trial, both parties showed a surveillance video from the station platform, but because of the camera's angle, it did not capture the entire encounter. It shows the officers taking Defendant down and adjusting handcuffs behind his back. After Defendant was cuffed and lying face down on the platform, his right arm was rotated up and forward and appeared to be out of joint. Officer Spruyt testified that Defendant lifted his own arm into that position, though defense counsel argued in closing that the officer was twisting his arm. The video does not, however, show the interaction between Officer Spruyt and Defendant before the arrest, which was the sole basis of the assault charge. The officers testified that Defendant intentionally shoved Officer Spruyt in the chest, but a light-rail

2

security guard testified Defendant turned to leave and accidentally collided with Officer Spruyt.

**¶5** Defense counsel argued that Defendant resisted arrest because the officers used excessive force in arresting him. He requested jury instructions on self-defense and excessive force. Concluding the evidence did not support them, the trial court declined to give the instructions. The jury found Defendant not guilty of aggravated assault and not guilty of the lesser-included offense of assault but found him guilty of resisting arrest. The court suspended his sentence and placed him on two years' supervised probation. Defendant timely appeals.

## DISCUSSION

**¶6** Defendant contends that the court erred by not giving the jury instructions for self-defense and excessive force at trial. Because Defendant objected at trial, we review for harmless error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005).

**¶7** Jury instructions viewed in their entirety must "adequately set forth the law applicable to the case." *State v. Rosas-Hernandez*, 202 Ariz. 212, 220, ¶ 31 (App. 2002). A defendant is entitled to a jury instruction "on any theory reasonably supported by the evidence," *id.* (citation omitted), unless that instruction is adequately covered by other instructions, *State v. Mott*, 187 Ariz. 536, 546 (1997), or is misleading to the jury, *State v. Noriega*, 187 Ariz. 282, 284 (1996). Failure to give a reasonably supported instruction is reversible error when it causes prejudice to the defendant, and that prejudice is shown by the record. *Rosas-Hernandez*, 202 Ariz. at 220, ¶ 31. We review a trial court's denial of a jury instruction for an abuse of discretion. *Id.*

**¶8** Here, the trial court did not abuse its discretion by refusing the excessive force and self-defense instructions because the evidence does not support those theories. The officers arrested Defendant after he collided with Officer Spruyt. Even though Defendant was acquitted of any assault charges, at the time of the arrest, the officers had probable cause to believe that Defendant had assaulted a police officer, providing a basis to arrest him. *See* A.R.S. §§ 13-1203, -1204(A)(8)(a) & (D), -3883(A)(1). Police officers may use physical force to carry out an arrest if the subject uses or threatens to use physical force, a reasonable person would believe force is immediately necessary to effectuate the arrest, the officer makes the purpose of the arrest known, and a reasonable person would believe the arrest was lawful. A.R.S. § 13-409. But that force cannot be excessive. A.R.S. § 13-3881(B).

¶9       The jury instruction for self-defense states in part:

A defendant is justified in using or threatening physical force in self-defense if the following two conditions existed:

1. A reasonable person in the situation would have believed that physical force was immediately necessary to protect against another's use or apparent attempted or threatened use of unlawful physical force; *and*

2. The defendant used or threatened no more physical force than would have appeared necessary to a reasonable person in the situation.

. . . .

*The threat or use of physical force is not justified*:

. . . .

2. To resist an arrest that the defendant knew or should have known was being made by a peace officer . . . whether the arrest was lawful or unlawful, *unless the physical force used by the peace officer exceeded that allowed by law . . . .*

Rev. Ariz. Jury Instr. ("RAJI") Stand. Crim. 4.04 (3d ed. 2015) (second and third emphases added).

¶10       Therefore, for Defendant properly to assert self-defense, there must have been evidence that police used excessive force to make the arrest. Defendant's requested instruction for excessive force states: "No unnecessary or unreasonable force shall be used in making an arrest." RAJI Stand. Crim. 38.81. Defendant offers the following as evidence of excessive force: (1) the officers took him to the ground and handcuffed him; (2) his arm was twisted at an unnatural angle behind his back after he was cuffed; and (3) he "responded to the police with a very minimal movement of his upper body." Those events happened, however, *after* the alleged assault and Defendant's resisting of the arrest, and therefore could not have served as a *defense* to those charges. A person resists arrest by "intentionally preventing or attempting to prevent a person reasonably known to him to be a peace officer, acting under color of such peace officer's official authority, from affecting an arrest by . . . using or threatening to use physical force against the peace officer or another." A.R.S. § 13-2508. One of the officers testified that Defendant responded to their attempts to detain and handcuff him with "immediate physical resistance"; another described

how Defendant "squirm[ed] around, wrestling around trying to not get in handcuffs" and "eventually had to be taken to the ground." When the alleged excessive force occurred, Defendant had already undertaken the acts that provided the basis of the resisting arrest charge. While Defendant may have civil remedies available if the officers unlawfully injured him, he was not entitled to the self-defense or excessive force jury instructions; there was no error.

**CONCLUSION**

¶11            For the foregoing reasons, we affirm Defendant's conviction for resisting arrest.



Ruth A. Willingham · Clerk of the Court
FILED: ama

5